IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** | * * * | |
| **Plaintiff** | * * | Civ. No.: MJM-24-2893 |
| v. | * * | |
| **NSONKWA MELI**, *et al.*, | * * | |
| **Defendants.** | * * | |

* * * * * * * * * *

**MEMORANDUM ORDER**

Plaintiff State Farm Fire and Casualty Company ("State Farm") brings this suit against defendants Nsonkwa Meli, Safiya Hassan, and Manuel Lee Deputy, seeking, in part, a declaratory judgment that State Farm has no obligation to defend or indemnify Meli and Deputy for claims arising from a car accident that occurred in March 2022. ECF 1. Meli now files a "Motion to Compel Insurer to Continue Legal Defense," seeking a court order compelling State Farm to defend the lawsuit pending in New York state court concerning the car accident. ECF 16. State Farm filed a response in opposition to Meli's motion. ECF 17. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For reasons explained below, Meli's motion, construed as a motion to dismiss or for summary judgment, shall be denied.

**I.    BACKGROUND**

The car accident at issue occurred on March 27, 2022, at or near the intersection of Cypress Hills Street and Jackie Robinson Parkway in Queens County, New York, between Deputy and

Hassan.[1] At the time of the accident, Deputy was operating a 2012 Nissan Rogue that he rented from Meli through Meli's car rental business, Joolie LLC, a Maryland entity. *See* Pl. Ex. 1 (ECF 17-1, rental agreement). At the time of the accident, Meli maintained a personal automobile policy of insurance with State Farm (the "Policy") that insured the vehicle, subject to the terms, limits, and conditions of that policy. Pl. Ex. 2 (ECF 17-2, Policy). The Policy states that the insurer does not provide liability coverage "for damages arising out of the ownership, maintenance, or use of a vehicle while it is rented to or leased to others by an insured." *Id.* at 10.

Upon being informed of the accident, State Farm investigated the facts of loss, including how Deputy acquired possession of the vehicle. After discovering that Meli was operating a car rental business and seeking coverage for liability arising out of his rental of the insured vehicle, State Farm sent Meli correspondence on July 18, 2022, advising him that it may have no obligation to provide coverage for this accident. Pl. Ex. 3 (ECF 17-3, correspondence). Importantly, this correspondence noted the following:

> Any action taken by State Farm Fire and Casualty Company or any of its authorized representatives to investigate, evaluate, pay, defend, or otherwise adjust any claim presented, shall not waive any terms or conditions of the policy mentioned above, nor shall any such actions waive any of our other rights.

*Id.* at 2.

On September 20, 2022, State Farm sent Meli another letter noting that the Policy did not provide coverage for the accident. Pl. Ex. 4 (ECF 17-4). In 2023, after learning that a lawsuit was filed against Meli in New York, State Farm retained an attorney to represent Meli but sent correspondence to Meli and Deputy on February 20, 2023, restating that it did not waive any terms or conditions of the Policy. *See* Pl. Ex. 5 (ECF 17-5); Pl. Ex. 6 (ECF 17-6).

---

[1] Hassan has been served with the Complaint but has failed to file a timely response. Service against Lee has not yet been accomplished as service attempts at his two prior addresses have been unsuccessful.

State Farm filed the instant action seeking a declaratory judgment that it has no obligation to defend or indemnify Meli for claims arising from the accident. ECF 1. In lieu of an answer to State Farm's complaint, Meli filed a motion to compel State Farm to continue to provide a defense in the New York action. ECF 16. The Court construes Meli's motion as a motion to dismiss or for summary judgment. State Farm filed a response in opposition to the motion. ECF 17.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, before filing a responsive pleading, a defendant may file a motion seeking dismissal of the complaint for failure to state a claim for relief. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

If the court considers matters outside the pleadings pursuant to Rule 12(d), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Pursuant to Rule 56, a court shall grant a party's summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020).

## III.    DISCUSSION

Meli, a self-represented litigant, styled his motion as a "Motion to Compel Insurer to Continue Legal Defense" seeking a court order to compel State Farm to continue providing a legal defense in the New York litigation. ECF 16. Meli attached as exhibits to his motion two letters

from an attorney hired by State Farm to represent Meli in the New York lawsuit. *See* ECF 16-1 (Def. Exs. 1 & 2). Because Meli has not filed a responsive pleading and instead filed a motion arguing that State Farm is not entitled to the relief it seeks in this case, the Court construes the motion as one seeking dismissal under Rule 12(b). *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021) (filings by self-represented parties are to be construed liberally). Because Meli has attached exhibits outside the pleadings for the Court's consideration, the Court shall, pursuant to Rule 12(d), treat the motion as one for summary judgment under Rule 56.[2]

Meli argues that State Farm has a duty to defend, under both Maryland and New York state law, and that this duty is broader than its duty to indemnify. ECF 16 (Mot.) at 3. But, under Maryland law,[3] an insurer's obligation to defend an insured against legal claims is limited to the scope of coverage reflected in the policy. *See Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 862 (Md. 1995) ("[A]n insurance company has a duty to defend its insured for all claims which are potentially covered under an insurance policy."). To determine whether an insurer has a duty to defend, Maryland courts apply a two-part inquiry:

> (1) what is the coverage and what are the defenses under the terms and requirements of the insurance policy? (2) do the allegations in the tort action potentially bring the tort claim within the policy's coverage? The first question focuses upon the language and requirements of the policy, and the second question focuses upon the allegations of the tort suit. At times these two questions involve separate and distinct matters, and at other times they are intertwined, perhaps involving an identical issue.

*St. Paul Fire & Marine Ins. Co. v. Pryseski*, 438 A.2d 282, 285 (Md. 1981).

---

[2] State Farm's opposition to the motion confirms that it is on notice that Meli's motion may be treated as one for summary judgment. *See* ECF 17 at 3–4 (standard of review).

[3] The interpretation of the Policy is governed by Maryland law. *See* Pl. Ex. 2 (ECF 17-2, Policy) at 33.

Here, Meli fails to establish that State Farm has a duty to defend. First, the relevant terms of the Policy state that it offers "no coverage" for "damages arising out of the ownership, maintenance, or use of a vehicle while it is rented to or leased to others by an insured." Pl. Ex. 2 (ECF 17-2, Policy) at 10 (all-caps removed). State Farm has presented a copy of a rental agreement showing that Deputy was renting the insured vehicle from Meli's car rental business at the time of the accident. Pl. Ex. 1 (ECF 17-1). This evidence suffices to create a genuine dispute as to whether the vehicle was covered by the Policy at the time of the accident.

Meli argues that State Farm waived, or is estopped from, any argument that the Policy does not provide coverage because it provided a legal defense to him over the past two years. ECF 16 (Mot.) at 3. This argument fails. Under Maryland law, "waiver or estoppel may occur only when it does not create new coverage." *Gordon v. Hartford Fire Ins. Co.*, 105 F.App'x 476, 484 (4th Cir. 2004) (quoting *Allstate Ins. Co. v. Reliance Ins. Co.*, 786 A.2d 27, 32 (Md. Ct. Spec. App. 2001)); *see also Prudential Ins. Co. v. Solomon Brookman*, 175 A. 838, 840 (Md. 1934) ("[I]f the loss was not within the coverage of the policy contract, it cannot be brought within that coverage by invoking the principle of waiver or estoppel.").

### IV.   CONCLUSION

For the reasons stated above, it is hereby ORDERED that Meli's "Motion to Compel Insurer to Continue Legal Defense" (ECF 16), construed as a motion under Fed. R. Civ. P. 12(b)(6) and treated as a motion for summary judgment under Fed. R. Civ. P. 12(d), is DENIED.

It is so ORDERED this __23rd__ day of September, 2025.

                                            /S/
                                    Matthew J. Maddox
                                    United States District Judge